1
2
3
4
                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
5
                         AT TACOMA

6   CHRISTOPHER WILLIAM HARRIS,

7                   Plaintiff,       Case No. 2:23-cv-02006-MJP-TLF

8        v.                        ORDER TO SHOW CAUSE OR
                              AMEND THE COMPLAINT
9   AMERICAN BEHAVIORAL HEALTH
   SYSTEMS, et al.,

10                 Defendants.

11
       This matter is before the Court on plaintiff's filing of a civil rights complaint.
12
Plaintiff is unrepresented by counsel and seeks *in forma pauperis* (IFP) status in this
13
matter.[1] Dkt. 4. Considering deficiencies in the complaint discussed below, however, the
14
undersigned will not direct service of the complaint at this time. On or before **March 29,**
15
**2024**, plaintiff must either show cause why this cause of action should not be dismissed
16
or file an amended complaint. Plaintiff has also filed a motion titled "order showing
17
cause why this action need not be dismissed and why it should remain in possession of
18
Hon. Judge Theresa L. Fricke." Dkt. 6. For the reasons below, that motion (Dkt. 6) is
19
denied.
20
//
21
//
22

23
---
[1] The Court will defer ruling on plaintiff's motion to proceed IFP (Dkt. 4) until plaintiff either
24   responds to this order or files an amended complaint.

25
ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

**BACKGROUND**

Plaintiff is a pretrial detainee currently detained at the Federal Detention Center, Seatac. Dkt. 1-1. Plaintiff's complaint, brought pursuant to 42 U.S.C. § 1983, names the following defendants: American Behavioral Health Systems (ABHS); Mulmer, Director; Zaun, Director; John Doe #1, private owner; John Doe #2, private owner; John Doe #3, private owner; and Jessica Donyes. *Id.* at 6.

Plaintiff alleges his First, Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution were violated when Jessica Donyes, an employee at ABHS – an inpatient rehabilitation facility where plaintiff was a patient – disclosed private information about plaintiff to the "prosecutor and probation" assigned to his pending criminal case. *Id.* at 7. Plaintiff alleges defendant Donyes made false statements to the prosecutor and probation that plaintiff stated he was "pointing lasers at planes in the sky." *Id.* Plaintiff alleges the private information that was disclosed was "used against him in Court" the following week. *Id.* at 13-14.

Plaintiff alleges defendants ABHS and "private actors" owners John Does #1-3 "pursuant to a custom, policy, and practice" failed to conduct proper background checks prior to hiring employees such as defendants Donyes, Zaun, and Mulmur, and failed to properly investigate patient complaints. *Id.* at 10-11. He alleges defendants ABHS and "private actors" owners John Does #1-3 also failed to properly train, supervise, audit and discipline defendants Donyes, Zaun, and Mulmur. *Id.*

Plaintiff alleges he filed a "grievance" against defendant Donyes for her alleged disclosure of private information and that defendants ABHS, Mulmur, and Zahn retaliated against him by discharging him after three weeks when he was not "clinically

ready" for discharge. *Id.* at 12-13. Plaintiff alleges he subsequently relapsed and had a near fatal overdose approximately one month after he was discharged. *Id.*

As relief, plaintiff seeks a declaration that defendants violated his constitutional rights, money damages, costs and attorney fees and such other and further relief as the Court deems just and proper. *Id.* at 13.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.      Improper Defendants**

In the complaint, plaintiff names ABHS, a rehabilitation facility, as well as the owners, directors, and employees of ABHS, as defendants. Dkt. 1-1. Plaintiff has not alleged facts sufficient to show these defendants are state actors acting under the color of state law. Rather, based on the allegations in the complaint, it appears these defendants are private actors. *See* Dkt. 1-1. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority[.]" *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003). "Merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

Based on the allegations in the complaint, it appears defendants allegedly shared "private information" – which plaintiff does not detail – and/or made false statements about plaintiff stating he was "pointing lasers at planes in the sky" to plaintiff's probation officer and the prosecutor assigned to his pending criminal case. Dkt. 1-1. There are no allegations to demonstrate that defendants are state actors or that their actions were "clothed with governmental authority."

1    Therefore, based on the allegations in the complaint, defendants cannot be liable

2    under § 1983 and plaintiff has failed to state a claim upon which relief can be granted.

3    **B.    Failure to State a Claim**

4    In the complaint, plaintiff also fails to clearly allege facts that show his rights were

5    violated by the defendants. Dkt. 1-1. Even if the defendants were state actors, plaintiff

6    provides only conclusory allegations that these defendants violated his constitutional

7    rights. Plaintiff does not identify or explain how defendant Donyes' actions violated his

8    constitutional rights. Furthermore, a § 1983 suit cannot be based on vicarious liability

9    alone, but must allege the defendant's own conduct violated the plaintiff's civil rights.

10   *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor may only be liable

11   "if there exists either (1) his or her personal involvement in the constitutional deprivation,

12   or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

13   constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citation

14   omitted). Plaintiff fails to allege facts to demonstrate the remaining defendants ABHS,

15   directors Mulmer and Zaun, or private owners (John Does #1-3), were personally

16   involved in or caused any alleged constitutional violation.

17   As plaintiff has not alleged facts sufficient to show a person acting under color of

18   state law violated his constitutional rights, he has failed to state a claim upon which

19   relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646,

20   649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are

21   not sufficient to state section 1983 claims).

22   **C.    "Motion for Order Showing Cause"**

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

1        Plaintiff has also filed a motion titled "motion for order showing cause why this

2  action need not be dismissed and why it should remain in possession of Hon. Judge

3  Theresa L. Fricke." Dkt. 6. Plaintiff notes that he has filed two previous actions in this

4  Court related to the same circumstances he challenges here but which, he argues,

5  raised different claims. *See Harris v. American Behavioral Health System*, No. 2:23-

6  00989-KKE, 2024 WL 69639 (W.D.Wash. Jan. 5, 2024) ; *Harris v. Combs*, No. 2:23-cv-

7  00988-KKE, 2024 WL 324513 (W.D. Wash. Jan. 29, 2024). Both of these prior actions

8  have been dismissed for failure to state a claim. *See id.* At this point, for the reasons

9  stated above, plaintiff has not filed a viable complaint in this action and the Court is

10  directing plaintiff to show cause, or file an amended complaint, addressing the identified

11  deficiencies. Accordingly, plaintiff's request that the action should not be dismissed and

12  his suggestion that it should remain with the undersigned Judge is, at a minimum,

13  premature. Furthermore, to the extent plaintiff disagrees with and seeks to challenge

14  rulings in his other cases, such challenges should be raised in the cases where those

15  rulings were made – this case is not the proper forum for such challenges.

16        Accordingly, plaintiff's motion (Dkt. 6), is DENIED.

17                     **CONCLUSION**

18        Due to the deficiencies described above, the Court will not serve the complaint. If

19  plaintiff intends to pursue this action, he must either show cause why this cause of

20  action should not be dismissed or file an amended complaint to cure, if possible, the

21  deficiencies noted herein, by **March 29, 2024**. Within the amended complaint, plaintiff

22  must write a short, plain statement telling the Court: (1) the constitutional or statutory

23  right plaintiff believes was violated; (2) the name of the person who violated the right; (3)

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint  must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action for failure to state a claim and such dismissal may count as a strike under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

1    **The Clerk is further directed to re-note plaintiff's motion to proceed *in***

2    ***forma pauperis* (Dkt. 4) to March 29, 2024.**

3    Dated this 29th day of February, 2024.

4

5

6    *Theresa L. Fricke*

7    Theresa L. Fricke
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8