UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN BEHAVIORAL HEALTH SYSTEMS, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-02006-MJP-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for __May 31, 2024__ |

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order to show cause. Dkt. 9. Plaintiff is unrepresented by counsel and has moved to proceed *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

For the reasons set forth below, the Court should dismiss plaintiff's federal claims without prejudice for failure to state a claim upon which relief may be granted. The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims without prejudice. It follows that plaintiff's motion to proceed *in forma pauperis* (Dkt. 4) should therefore be denied as moot.

//

//

//

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff Christopher William Harris is currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"), pursuant to a judgment for revocation of supervised release entered in *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.), on April 5, 2024.[1] It appears plaintiff filed this case after he had accepted a plea agreement in his criminal case but before he was sentenced. Dkt. 1-1; *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.), Dkts. 57, 65, 66. He was subsequently released from confinement and has now been reincarcerated. *Id.*, Dkt. 83.

Plaintiff's original complaint, brought pursuant to 42 U.S.C. § 1983, named the following defendants: American Behavioral Health Systems (ABHS); Mulmer, Director; Zaun, Director; John Doe #1, private owner; John Doe #2, private owner; John Doe #3, private owner; and Jessica Donyes. *Id.* at 6.

Plaintiff alleged his First, Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution were violated when Jessica Donyes, an employee at ABHS – an inpatient rehabilitation facility where plaintiff was a patient – disclosed private information about plaintiff to the "prosecutor and probation" assigned to his pending criminal case. *Id.* at 7. Plaintiff alleged defendant Donyes made false statements to the prosecutor and probation that plaintiff stated he was "pointing lasers at planes in the sky." *Id.* Plaintiff alleged the private information that was disclosed was "used against him in Court" the following week. *Id.* at 13-14.

---

[1] The Court takes judicial notice that plaintiff was a defendant in a criminal case in this district, *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.); *see U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) .

REPORT AND RECOMMENDATION - 2

Plaintiff alleged defendants ABHS and "private actors" owners John Does #1-3 "pursuant to a custom, policy, and practice" failed to conduct proper background checks prior to hiring employees such as defendants Donyes, Zaun, and Mulmur, and failed to properly investigate patient complaints. *Id.* at 10-11. He alleged defendants ABHS and "private actors" owners John Does #1-3 also failed to properly train, supervise, audit and discipline defendants Donyes, Zaun, and Mulmur. *Id.*

Plaintiff alleged he filed a "grievance" against defendant Donyes for her alleged disclosure of private information and that defendants ABHS, Mulmur, and Zahn retaliated against him by discharging him after three weeks when he was not "clinically ready" for discharge. *Id.* at 12-13. Plaintiff alleged he subsequently relapsed and had a near fatal overdose approximately one month after he was discharged. *Id.*

As relief, plaintiff sought a declaration that defendants violated his constitutional rights, money damages, costs and attorney fees and such other and further relief as the Court deems just and proper. *Id.* at 13.

By order dated February 29, 2024, this Court declined to serve plaintiff's complaint noting that plaintiff appeared to name only private actors and that he had not alleged sufficient facts to show defendants were state actors acting under color of state law as required to establish liability under 42 U.S.C § 1983. Dkt. 9. The Court further advised plaintiff that he had not alleged sufficient facts to support a claim that defendants had violated his constitutional rights. *Id.* The Court directed plaintiff to show cause why his complaint should not be dismissed or to file an amended complaint curing the identified deficiencies. *Id.*

REPORT AND RECOMMENDATION - 3

Plaintiff subsequently filed what appears to be an amended complaint. Dkt. 12. In his amended complaint, plaintiff names again as defendants ABHS and Jessica Donyes and names new defendants Lisa Combs, and Jocelyn Cooney. *Id.* Plaintiff alleges retaliation, HIPAA and federal regulation violation and due process violation with intentional data breach, privacy contract violation, and violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.*

Plaintiff alleges ABHS retaliated against him for filing a grievance against Ms. Donyes. *Id.* Plaintiff alleges Ms. Donyes violated HIPAA and federal regulations, the facility policy, practices and procedures at ABHS, the privacy contract between plaintiff and ABHS, committed slander and defamation by leaking and providing damaging information. *Id.* Plaintiff alleges information was released on multiple occasions by phone calls and emails to an "outside agency – Lisa Combs, Jocelyn Cooney." *Id.* Plaintiff alleges Ms. Donyes signed a contract with ABHS on the importance of HIPAA related violations and not to violate the facility/patient privacy contract and release of information and she and ABHS owed plaintiff a duty not to release unauthorized information to the police or probation officers or any outside agency. *Id.*

Plaintiff alleges he self-admitted himself into treatment for addiction. *Id.* He alleges probation officer Lisa Combs contacted Ms. Donyes and "intentionally diverted" her attention with "evidence of a prior crime" convincing Ms. Donyes plaintiff was a "bad character." *Id.* He alleges this is why Ms. Donyes, through emails, provided Ms. Combs information about plaintiff "pointing lasers at planes in the sky." *Id.*

REPORT AND RECOMMENDATION - 4

## PLAINTIFF'S PRIOR ACTIONS

The Court's records reveal that plaintiff filed two prior actions, one against defendants ABHS and Donyes, and one against defendants Combs and Cooney, alleging that defendants violated his civil rights, as well as raising some state law claims, by disclosing confidential medical information obtained from ABHS. *See Harris v. American Behavioral Health Services* 23-989-KKE and *Harris v. Combs*, No. C23-988-KKE.

The Court in *Harris v. Combs*, No. C23-0988-KKE, 2024 WL 324513, at *1 (W.D. Wash. Jan. 29, 2024) described plaintiff's claims as follows:

> Harris entered a substance abuse treatment program at American Behavioral Health System ("ABHS") on May 15, 2023. Dkt. No. 7 at 3. Harris signed an information release permitting ABHS to contact Harris's supervising officer or any other supervising agent of the court if he left the treatment program before completion. *Id.* The release identifies Defendant United States Probation Officer Lisa Combs as Harris's supervising officer. *Id.*
>
> Harris received a letter from ABHS dated June 5, 2023, notifying him that a disclosure of his health information, which constituted "a potential violation of [federal regulations,] occurred[.]" Dkt. No. 7 at 1. The potential violation consisted of a phone call from Jessica Donyes (an ABHS employee) to Combs requesting "collateral information" (*id.*) as well as emails from Donyes to Combs providing "an update and progress on [Harris]." *Id.*
>
> On June 20, 2023, Harris appeared before U.S. Magistrate Judge Brian Tsuchida for an evidentiary hearing in a criminal proceeding unrelated to this case (hereinafter "the criminal case"). *See United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. June 22, 2023), Dkt. No. 35. Harris alleges that, at that hearing, the information disclosed by Donyes to Combs was read aloud by Combs and Defendant Julie Jansen (a location monitoring specialist with U.S. Probation & Pretrial Services), and Judge Tsuchida subsequently modified the terms of Harris's bond. *See* Dkt. No. 6 at 5–6.

REPORT AND RECOMMENDATION - 5

> Harris filed this action in July 2023, proceeding *pro se* and *in forma pauperis* (Dkt. No. 4), alleging a constitutional claim against Combs, Jansen, and the prosecutor in the criminal case (subsequently identified as Jocelyn Cooney). Dkt. No. 1. According to Harris, because Donyes disclosed information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), Defendants' reference to that information during Harris's hearing with Judge Tsuchida constituted an unconstitutional seizure of his information under the Fourth Amendment. Dkt. No. 6 at 5.

*Harris v. Combs*, No. C23-0988-KKE, 2024 WL 324513, at *1 (W.D. Wash. Jan. 29, 2024) (footnotes omitted).

In dismissing plaintiff's claims against defendants Combs and Cooney with prejudice, the Court in *Harris v. Combs* concluded that plaintiff failed to allege a plausible constitutional claim arising out of the purported disclosure of his confidential medical information to defendants. *See id.* at 4. The Court further explained that any intended challenges to pretrial rulings or the sentence imposed in plaintiff's criminal case were not properly before the Court in the context of a civil rights action. *Id.* at 5-7.

The Court in *Harris v. Am. Behav. Health Sys.*, No. C23-0989-KKE, 2024 WL 69639, at *1 (W.D. Wash. Jan. 5, 2024), described plaintiff's claims as follows:

> Plaintiff Christopher William Harris entered a substance abuse treatment program at Defendant American Behavioral Health System ("ABHS") on May 15, 2023. Dkt. No. 7 at 10. Harris signed an information release permitting ABHS to contact Harris's supervising officer or any other supervising agent of the court if he left the treatment program before completion. *Id.* The release identifies United States Probation Officer Lisa Combs as Harris's supervising officer. *Id.*
>
> Harris received a letter from ABHS on June 5, 2023, notifying him that a disclosure of his health information, which constituted "a potential violation of [federal regulations,] occurred[.]" Dkt. No. 7 at 12. The potential violation consisted of a phone call from Defendant Jessica Donyes (an

REPORT AND RECOMMENDATION - 6

> ABHS employee) to Officer Combs requesting "collateral information" (*id.*) as well as emails from Donyes to Officer Combs providing "an update and progress on [Harris]." *Id.* Harris was released from ABHS on June 7, 2023. Dkt. No. 7 at 9.
>
> On June 22, 2023, Harris appeared before U.S. Magistrate Judge Brian Tsuchida for an evidentiary hearing in a criminal proceeding unrelated to this case (hereinafter "the criminal case"). *See U.S. v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. June 22, 2023), Dkt. No. 36. Apparently, at that hearing, the information disclosed by Donyes to Officer Combs was read aloud, and Judge Tsuchida subsequently modified the terms of Harris's bond. *See* Dkt. No. 7 at 8.
>
> Harris filed this action in July 2023, alleging four causes of action against ABHS and Donyes: (1) violation of Health Insurance Portability and Accountability Act ("HIPAA"); (2) negligence; (3) breach of contract; and (4) defamation. Dkt. No. 7. Harris sought $75,000 in damages per "person sep[a]rate" and dismissal of the charges in the criminal case. *Id.* at 8.

*Harris v. Am. Behav. Health Sys.*, No. C23-0989-KKE, 2024 WL 69639, at *1 (W.D. Wash. Jan. 5, 2024) (footnotes omitted).

The Court in *Harris v. Am. Behav. Health Sys.*, granted defendants ABHS' and Donyes' motion to dismiss for failure to state a claim upon which relief may be granted. *Id.* The Court further denied plaintiff's motions to amend seeking to add claims, including constitutional claims, concluding plaintiff had not identified a constitutional right that had been violated by defendants' conduct. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

REPORT AND RECOMMENDATION - 7

*Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority[.]" *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir.

REPORT AND RECOMMENDATION - 8

2003). "Merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

The doctrine of *res judicata* "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*citing Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). *Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* Identity of claims exists when two suits arise from "the same transactional nucleus of facts." *Id.* at 714. Privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

In his amended complaint, plaintiff asserts defendant Donyes shared "private information" about plaintiff – regarding "pointing lasers at planes in the sky" -- to plaintiff's probation officer (Lisa Combes) and the prosecutor (Jocelyn Cooney) assigned to his criminal case, in violation of his constitutional rights. Dkt. 12. Plaintiff alleges that when he filed a grievance against defendant Donyes for disclosing this information, ABHS retaliated against him by discharging him from the rehabilitation program before he was ready to be discharged.

With respect to plaintiff's retaliation claim, plaintiff fails to allege any facts to indicate that defendants were acting as state actors in discharging him from the rehabilitation program. Accordingly, plaintiff's retaliation claim should be dismissed.

REPORT AND RECOMMENDATION - 9

Likewise, with respect to plaintiff's claim that defendant Donyes released information plaintiff disclosed during treatment to plaintiff's probation officer (defendant Combs) and the prosecutor (defendant Cooney), plaintiff fails to allege sufficient facts to demonstrate defendant Donyes was acting as a state actor regarding the release of that information. Plaintiff alleges defendant Combs gave defendant Donyes information regarding evidence of his "prior crime" and that because defendant Donyes believed plaintiff was of a "bad character" she emailed defendant Combs about plaintiff "pointing lasers at planes in the sky." But plaintiff does not allege defendants Combs or Cooney either requested or directed defendant Donyes to provide this information to them. As noted above, "[m]erely complaining to the police does not convert a private party into a state actor." *Collins*, 878 F.2d at 1155.

Even if the Court assumes, for purposes of this analysis, that defendant Donyes would have met the legal requirements to be considered a state actor in disclosing this information, plaintiff fails to allege sufficient facts to demonstrate she, or any other defendant, violated his constitutional rights. Plaintiff alleges his due process rights were violated but fails to explain how the disclosure of this information violated his due process rights. While in his original complaint plaintiff alleges this information was "used against him in court" he fails to explain how this information was used against him or how it affected his due process rights.

Furthermore, to the extent plaintiff is alleging the information "used against him in court" affected the outcome of his criminal proceedings, unless his criminal conviction has been invalidated or overturned – which he does not allege – such claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*, 512 U.S. 477 (a plaintiff may

REPORT AND RECOMMENDATION - 10

not bring a Section 1983 claim for damages if success on such a claim would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence *unless and until* the conviction or sentence has been overturned). The Court also notes that the docket in *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.), which appears to be the criminal case at issue in plaintiff's complaint, does not indicate any ruling that would have invalidated or overturned a conviction.

Plaintiff also alleges defendants' actions violated *Brady v. Maryland*. *Brady*, 373 U.S. 83, 87 (1963). Unless his criminal conviction has been invalidated or overturned – which he does not allege and, based on the docket, does not appear to be the case – his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983").

Plaintiff also alleges defendants violated his rights under health care privacy statutes and regulations known as HIPAA. HIPAA generally prohibits the disclosure of an individual's protected health information unless authorized by the individual. *See U.S. v. Elliott*, 676 F. Supp. 2d 431, 437 (D. Md. 2009). HIPAA does not, however, provide a private right of action if an unauthorized disclosure occurs. *See Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (citing *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)). Therefore, because HIPAA does not authorize a private right of action, and plaintiff fails to allege facts to indicate the information disclosed was so "shocking", "degrading", "egregious", "humiliating", or "flagrant" that it rose to the level of a violation of a constitutional right, plaintiff fails to

REPORT AND RECOMMENDATION - 11

state a clam. *See Dalessio v. Univ. of Wash.*, No. C17-642 MJP, 2019 WL 2409607, at *4 (W.D. Wash. June 7, 2019), *aff'd*, 816 F. App'x 121 (9th Cir. 2020).

And, even if plaintiff would be able to assert claims that have a sufficient factual basis to state a cause of action -- this suit appears to arise from "the same transactional nucleus of facts" as plaintiff's prior actions against the same defendants and plaintiff either raised these same federal claims in his prior actions or could have raised them in those actions; these claims would be barred by *res judicata* and subject to dismissal. *See Owens*, 244 F.3d at 713; *Harris v. Am. Behav. Health Sys.*, No. C23-0989-KKE, 2024 WL 69639, at *1 (W.D. Wash. Jan. 5, 2024); *Harris v. Combs*, No. C23-0988-KKE, 2024 WL 324513, at *1 (W.D. Wash. Jan. 29, 2024); *Harris v. City of Seattle*, No. C24-48-BHS, Dkt. 19 (report and recommendation issued recommending dismissal at screening of similar claims brought by plaintiff against defendants Combs, Cooney, Julie Jansen, Bruce Harrell, City of Seattle and City of Tukwila based on alleged disclosure of confidential medical information from ABHS, on *res judicata* grounds).

Plaintiff also alleges violations of state law – negligence, breach of contract, defamation, and slander – against defendants ABHS and Donyes. A district court may exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)); *Artis v. District of Columbia*, 138 S.Ct. 594 (2018). However, "the federal court should decline the exercise of jurisdiction" when "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *see also* 28 U.S.C. § 1367(c).

The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, because none of the federal claims are properly asserted; all state law claims should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court should DISMISS plaintiff's federal claims without prejudice for failure to state a claim upon which relief may be granted. The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and should DISMISS those claims without prejudice. Plaintiff's motion to proceed in forma pauperis (Dkt. 4) should be DENIED as moot. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 31, 2024**, as noted in the caption.

Dated this 15th day of May, 2024.

                                       *Theresa L. Fricke*
                                       Theresa L. Fricke
                                       United States Magistrate Judge